UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0120-SEB-TAB-1 |
| | ) | |
| ROBERT SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on January 28, 2016, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on May 12, 2016, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On May 12, 2016, defendant Robert Smith appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Barry Glickman, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Diane Asher, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.	The court advised Mr. Smith of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Smith questions to ensure that he had the ability to understand the proceedings and his rights.

2.	A copy of the Petition was provided to Mr. Smith and his counsel, who informed the court they had reviewed the Petition and that Mr. Smith understood the violations alleged. Mr. Smith waived further reading of the Petition.

3.	The court advised Mr. Smith of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Smith was advised of the rights he would have at a preliminary hearing. Mr. Smith stated that he wished to waive his right to a preliminary hearing.

4.	Mr. Smith stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Smith executed a written waiver of the preliminary hearing, which the court accepted.

5.	The court advised Mr. Smith of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6.	Mr. Smith, by counsel, stipulated that he committed Violation Number 3 as set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | As previously reported to the Court, on October 21, 2015, the offender admitted to using illicit drugs, namely cocaine, on October 14, 2015, as well as on two different occasions since that date. In addition, the offender tested positive for cocaine again on October 26, and 28, 2015. |

7. The court placed Mr. Smith under oath and directly inquired of Mr. Smith whether he admitted violation 3 of his supervised release set forth above. Mr. Smith admitted the violations as set forth above.

8. Government orally moved to dismiss violations 1 and 2 and the Court granted the same.

9. The parties and the USPO further stipulated that:

    (a) The highest grade of Violation (Violation 3) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Mr. Smith's criminal history category is VI.

    (c) The range of imprisonment applicable upon revocation of Mr. Smith's supervised release, therefore, is 21 - 27 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties jointly recommended a sentence of 14 months with no supervised release to follow. Defendant requested placement at FCI Terre Haute.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, ROBERT SMITH, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of fourteen (14) months with no supervised release

to follow.  The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.  The Court will recommend placement at FCI Terre Haute.

      Counsel for the parties and Mr. Smith stipulated in open court waiver of the following:

      1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

      2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

      Counsel for the parties and Mr. Smith entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Smith's supervised release, imposing a sentence of imprisonment of fourteen (14) months, with no supervised release to follow.  The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.  The Court will recommend placement at FCI Terre Haute.

IT IS SO RECOMMENDED.

Date:  June 3, 2016

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal